Good morning, your honors, may it please the court and counsel, I represent Daniel Jones in this appeal from an order of the circuit court of Kane County, which denied his motion for substitution of judge as of right. His motion for post-trial relief was also denied on the same question. The primary challenge to this appeal from the appellee is the argument that the trial court should be affirmed because of a lack of notice for the presentation of the substitution of judge motion as of right. I want to discuss notice. First of all, this was not an ex parte hearing. The other party was present and the motion was presented to the court. So it was not ex parte. And under the statute, it doesn't speak of statutory Supreme Court Rule 12 style notice. That's not what the statute says. There is a provision in the statute for notice, however, isn't that correct? Yes. Section B of 735 ILCS 5-2-1001 regarding substitution of judge has a separate section relating to notice, which says an application for substitution of judge may be made to the court in which the case is pending, reasonable notice of the application having been given to the adverse party or his or her attorney. And as I read your reply brief at pages 5 and 6, you are arguing that that subsection does not apply to a motion for substitution as of right. Is that correct? Your Honor, that is part of our argument also. We certainly are taking the position that that portion of the statute was in no way intended to be representative of Supreme Court Rule 12 statutory notice. So what is reasonable notice here? Your Honor, I don't know. I think as long as it's not an ex parte situation, and I can tell the court this, in reviewing the case law in preparation for the argument, Your Honor, the case that's closest factually to this case as far as alleged notice deficiency is Scroggins against Scroggins at 327 Illab 333. In Scroggins, Your Honor, the petition for substitution of judge as of right was filed one day before the scheduled hearing. The party objecting to the motion did not receive a copy of the motion until the day of the hearing. That's exactly what happened here except for the filing. Excuse me. I'm sorry. I thought here what happened is the motion was actually written out on a form order in the courtroom and not the day before and handed to the attorney and the judge in open court on the day of the hearing. That's absolutely correct. And what happened in Scroggins is the party who was objecting said in their objection they didn't get a copy of that motion until the morning of that hearing, which was 10 a.m. And I can tell the court that appears in the Scroggins decision at page 334 at the end of 334 beginning of 335. On February 16, 2002, petitioners appointed counsel filed a response to the motion for substitution of judge alleging that he did not get notice of the motion until February 15 at 4 p.m. He did not get a copy of the motion, received copy, until 10 a.m. on February 16, the very day of the hearing. Now, doesn't Peerless Enterprise hold that it's well established that a trial court can deny a motion for substitution certainly if reasonable notice has not been given? And what constitutes reasonable notice depends on the facts and circumstances of each case. And so we're reviewing what the trial court did here for abuse of discretion with regard to whether or not this was an abuse of his discretion. Peerless certainly says that. But factually, the Peerless decision is significantly distinguishable from this case. In Peerless, with all due respect, I take the position that the court never needed to reach that position because in Peerless it was an oral motion. In fact, it was a third motion made by this insurance company that was running away from sanctions over a two-year period. The trial court in Peerless had made substantive rulings long before this oral motion was ever made. But if we focus on, let's say, the motion made here, it, in essence, was the equivalent of an oral motion in that it was written on a – it was a line or two on a court form order handed to the attorney at the hearing or just before the hearing. It was handed to the court before the hearing. And as informal and as – I'll just leave it at informal. As informal as it was, it was still a written motion. It was not an oral motion. Let me ask you this. I know that this isn't perhaps the best way to analyze this. But if there had been notice, if they had received this, let's say, the day before, what difference would it have made? Not a bit. Not a bit. They can't object to it. I mean, they can object to it, sure, for the record, but their objection serves no purpose because it's a matter of right. It's a matter of right and it's a question of law. In other words, as we pointed out in our reply brief, essentially there are only two available objections under 1001A2II. And both could be summarily determined by the court. Number one, was the motion for substitution as of right presented before the trial for hearing commenced? That's a very easy question of law. And two, had the court ruled on any substantial issue in the case prior to the motion being presented? That's another question of law. These two questions have nothing to do with a factual inquiry. And respectfully, and I just point this out of Scroggins, they say in virtually the same situation as we have here, they say at page 336, respondent's motion was timely filed because it was made by motion before the hearing and before the judge had ruled on any substantial issue in the case. I mean, those are the facts. Those are the issues of law. Then the court went on to say in Scroggins, therefore, respondent had an absolute right to a substitution of judge. Well, then why is B in the statute to begin with? Obviously, the way it is put in the statute, it applies both the substitution as of right and, I believe, substitution for cause. So are we rendering this section of the statute inapplicable then to either of these? No, you're not. Okay. No, you're not. And here's the point. And as Justice Scroggins was the writing justice in the case of in-ring marriage of O'Brien, the issue in that case which came up under the second section of the statute was whether or not the trial judge was biased. That's a factual determination. And because that's a factual determination as opposed to a question of law, obviously, there would have to be an evidentiary hearing. Therefore, because there would have to have been an evidentiary hearing in that situation, notice would absolutely be necessary. There's no question. But when a person has an absolute right as a matter of law to a substitution of judge, on the first day he walks into the courtroom, to say that somehow he doesn't get his absolute right to substitution of judge under those circumstances is tantamount to writing out the first part of the statute that says he has an absolute right to exercise that type of emotion. Well, then you're saying the word timely means something else, though. I mean, the beginning of that section is when a party timely exercises her right. That refers to the fact that what? According to Scroggins at page 336 of the decision, it says, Respondent's motion was timely filed because it was made by motion, which it was here, before the hearing, which it was here, and before the judge had ruled on any substantial issue in the case. Therefore, it was timely. In accordance with the Scroggins decision. Also, I would point out, respectfully, this court's decision in the Radacho decision, Radacho against Camacho-Esparraza at 309 LAP 3rd, 346, at page 350, where it said, In Illinois, civil litigants are entitled to one substitution of judge without cause as a matter of right. Then the court cited 1001A2 of the statute, and they say, A trial court must grant a party's motion for substitution of judge as of right if the motion is presented before trial or hearing begins, and before the judge to whom it is presented has ruled on any substantial issue in the case. And then the court said, citing the Illinois Supreme Court of Ingray-Dominique out, where the motion meets these minimum requirements. In other words, this section of the decision was not even referring to the section on notice. This court has said that where the motion meets these minimum requirements, a party's right to substitution of judge without cause is absolute. Your Honor, respectfully, the most recent case decided. In this court, on the issue, on the question of law, is the case of the village of Easton versus the village of Carpentersville. But the issue there was different, was it not? It really wasn't an issue of notice. It really had to do with whether the motion was brought before the court made any substantive ruling in the case. It had to do with a prior case that had been filed and dismissed. Sure, certainly. But this court, its analysis, in its entire analysis in that decision, made reference to, and I understand the other matter about the previously filed case, but only referred to 5 forward slash 2 dash 1001A2 double I. And the logical analysis that the courts, by the great weight of authority is, they always commence, the courts, the reviewing courts have always commenced these analysis with citing section 2 dash 1001A2 double I. Then immediately, after referencing only that statutory provision, the court has noted that the right to substitution of charge under this section, this section, is absolute. And that's why also, Your Honors, the standard of the de novo standard of review is applicable here. This is a question of law. It does not involve a question of fact. Matters are reviewed under the de novo standard of review as matters of law. And this court has before it, as Your Honor, Justice Enoff pointed out, yes, the attorney went out and wrote out a handwritten motion for substitution of charges of right, cited the proper statutory basis for that. So it all becomes a question of law. And as far as I think it's important to note what's not in dispute here. You may finish your sentence. Go ahead. Thank you, Your Honors. You'll have chance on rebuttal. Thank you, Your Honor. Thank you. May it please the Court? Yes, Your Honor. Your Honors, my name is Phil Piscopo. I represent the plaintiffs and the appellees in this case. And the sole issue presented by the appellant on appeal is whether the motion for substitution of judge as of right was properly denied by the court. And it seemed both from the defendant's reply brief and here at oral argument that it seems to be the argument that 2-1001B really has no application to motions for substitution judge as of right. There's no case. What is reasonable notice? Pardon me? What is reasonable notice? What is reasonable notice? Well, I was actually thinking about that before and also while the counsel was arguing. And the reasonable notice would have to be sufficient notice to give the other side a chance to have a say on the issue. You had a chance. I mean, didn't the court look at you and say, what's your position? I don't know if that's a sufficient chance. I mean, this was presented. And it appears, although the record isn't entirely clear on this, it appears that it was. Well, this brings up another thing. Why shouldn't we just vouch this? We have no transcript. We have no bystanders. We just assumed the trial court was right. Well, the reason why you shouldn't, you mean, just affirm it just because of that? Well, I do think that the lack of a transcript or the lack of a record has an effect on the case. If the record doesn't say that, it wouldn't tell anything more than I suppose you don't have to. But here I think it does. And the reasoning is we don't know exactly when this motion was even presented to the court. The record does show that the counsel below attempted to move for a continuance and was denied. Before or after the motion for substitution? I can't tell because the record doesn't quite say. The best I have is that Judge Dalton's order has the continuance motion first and then the substitution motion. So that suggests that the continuance motion came first. Is that a substitute ruling? Continuance? Well, there was a denial of continuance, so that suggests that perhaps it was substantive, but it was a continuance. Judges commonly grant continuances. That's never been, as far as I can tell, considered a substantive ruling. However, there is case law that says that if you file a motion for substitution of judge in an attempt to delay the proceedings, then it can be denied for that reason. And there's a recent Illinois Supreme Court case on that question, which is Bowman v. Acme. Was there any evidence here that it was made to, or a finding, that it was made to delay the proceedings? It doesn't appear that that was the case in the record, but that does go to your question, Your Honor, about the proper notice and what difference would it make if the proper notice is granted. If the proper notice was given, then the other side could have a chance to make that argument, to make the argument that this is being brought for purposes of delay and therefore it should be denied. But if it's just given to them and then presented to the judge immediately thereafter, they don't have time to formulate that. And I would note that in the Scroggins case, which the defendant cited in the oral argument, the notice was given at 10 a.m. on the day of the hearing. Well, somehow the attorney for the other side, the one opposing the motion, had sufficient time to prepare a written response and to prepare an argument, including an argument that it was brought for the purpose of delaying the hearing. And so although the notice in the Scroggins case was very, was not very long, it could be considered reasonable to go to your question, Your Honor, because the other side had an opportunity. So the measurement is how quick counsel can draft a written response? Well, how quick they can come up with a written response. And I would note that our clients here were pro se at the time. They didn't have an attorney to assist them in those proceedings. They were proceeding on a petition for a stocking of contact order, which the statute decrees must be done on an expedited basis. But the motion for the statute on substitution does not create a two-tiered standard, expedited. You only get this much notice. Non-expedited cases, it's a different standard. Are you talking about the SOJ statute? The statute on SOJ does not distinguish in the type of case in which the motion is filed. Well, in a way it kind of, it obliquely does distinguish. The timeliness? Yeah, because subsection B says that the reasonable notice shall be given. And so then that goes back to your question as to what is reasonable notice. And the reasonable notice would be, it's not necessarily the time set forth in Supreme Court Rule 12 or whatever the local rule might say, four days by mail, but it does need to be reasonable enough to give the other side a chance to determine whether or not the motion is properly made. Does reasonable determine, could that be determined somewhat on the type of case that's pending, where a petition for a no stocking or a petition for an order of protection or something like that as opposed to an injunction or some other motion? Certainly. Yeah, the type of case that it is can help determine whether the motion is reasonable or not. If it's just an ordinary law case and they didn't come up on the day that the hearing is being presented, I think that would probably be considered unreasonable notice. Here, in this kind of a case, the reasonable notice is probably a little bit less, or maybe even substantially less, but it's got to be something. And here... You know, we asked counsel before what difference would it have made. If the motion here had been granted, both sides pick up their papers and walk down the hall to another judge. Well, I don't know if we know that that would be the case. It's a big courthouse. I'm guessing there was more than one person. Sure, there was more than one judge, but... So, I mean, what's... As much as we consider whether it's expedited, all the circumstances to determine reasonableness, isn't that also a factor that we ought to consider? In other words, you want a different judge? Fine, go down to courtroom 302 or 402 or whatever that be. Of course, this was made on the heels of a motion for continuance, so the defendant in this case was clearly trying to extend this case out. Right, but the question is, could not that have been... Continuance is denied. You don't want to be heard in this courtroom. Go down the hall. Potentially, but none of that is anywhere in the record on here. I mean, that would be... I mean, maybe that could take place. Maybe not. Maybe the other judges have contested trials going on. Nobody really knows. Oh, but this is expedited. It should go to the top of the pile. That's true. That's true. Where is the prejudice to the party if that motion had been granted? And as Justice Jorgenson said, you just send them down the hall so then they go to Judge Jones instead of Judge Smith. Where is the prejudice to anybody if that were to happen? Well, that's assuming that the motion is properly made and should have been granted. Well, even regardless. I mean, they get another judge, they hear the case, they hear it that day, and it's over. Okay. Where is the prejudice? Well, the prejudice comes from not having a chance to even look and determine whether or not the motion is properly made. If the motion isn't properly made, then the side moving for the SOJ is not entitled to get it. And the side that originally filed the case is entitled to have the hearing before that judge. And so if it's not properly made, they don't have a chance to make that argument. But shouldn't we all just look at those motions in the global look of trying to favor motions for substitution? In other words, tie goes to the runner? The person who wants the substitution, we favor that. There is some case law that supports that notion. There's quite a bit of case law that supports that. There's also case law that says that that principle of liberal construction cannot excuse a party from complying with the statute's explicit requirements. That's cited in the Bowman case, and it's also cited in the Dabrowski v. Prendergast case. Aren't we talking about the granting of a plenary order now? So this same judge had granted the emergency? Is that right? It appears that it was a different judge that granted the emergency order of protection. So if we look at that with the sparse record that we have, theoretically the court system had reassigned the case once. I don't know if it was reassigned once. Let's say this. The respondent gets the petition, it's signed by Judge A, goes to court, and now I'm in front of Judge B. Is that also a factor that the court should consider in whether this was reasonable notice? I wouldn't say so because it's up to the party to decide if they want to go with Judge B or if they want to go back to Judge A. They don't get to pick Judge A. They just get to disqualify Judge B. Right, but I don't see how having the emergency written by a different judge that even enters into the equation, whether in the requester's mind or generally, I don't see how that factors in the notice. But the whole issue of what notice is reasonable, that was never addressed by the respondent appellant in his brief at all. He is not arguing that. Notice I gave was proper under the circumstances, which is what the case law says is that notice needs to be proper under the circumstances. He doesn't argue that. He just argues flat out, I don't have to give notice ever. And that's the only, other than TROs and orders of protection, the family orders of protection and perhaps the confession of judgment, if his argument is correct, this would join those two very rare instances in which no notice would be required at all. He admits in his brief, I didn't give any notice. And then he says that. Well, isn't this just as expedited as TROs? It's argued, well, not in the plenary, not at the plenary stage, because the person has now had 21 days or whenever the time you receive the summons to do something. So a TRO, you file it, and the judge has to find that if notice is given, then the harm we're trying to prevent with a TRO would be gone. It would happen. And so we have to do this now. And even then, the notice has to go out to the person as soon thereafter as you can so we can seek leave to reopen. So we should parse out orders of protection and these types of expedited stalking hearings and say they're not that expedited? Well, the statute for orders of protection, at least for emergency orders of protection, does provide for exparting orders of protection. In fact, that's what happened. But this statute says that the entire proceeding is expedited. I'm just, you know, I'm saying my job is to enforce the statutes, not to ask they're written. And if the whole thing is expedited, where do I split the baby here? Well, I appreciate that's a little difficult question, but we're left with a very sparse record and we're trying to determine what is reasonable notice. And reasonable seems to encompass a great deal of factors. So that's why I'm giving you an opportunity to say, well, what weight should I put on some of these other factors? Well, I think if there's sufficient time, as you said earlier, if there's sufficient time for the person opposing the motion or who might oppose the motion to determine whether it's properly made, then I think the notice would be okay. And that's a pretty generous standard, a lot shorter notice than the standard 5-day mail or 3-day or 2-day personal delivery. And it was ñ and that's what happened in Scroggins. And that's what makes Scroggins different from this case. Because this case, our clients got no advance notice whatsoever. Again, in Scroggins, my understanding is they got notice but not a copy of the motion. So counsel on the other side was pretty clever to draft a written response without a copy of the motion. I don't know if he actually did. He said he got notice of the motion the day before and he got a copy of the motion at 10 a.m. on February 16th. So that was enough time. I don't know what time the motion for SOJ was heard in that case. That's not an opinion. But the lawyer in that case had sufficient time to determine whether the motion was proper. And he was able to make an argument that it wasn't proper because it served a purpose of delaying the hearing. That opportunity was not afforded to our client. Our client made a pretty good argument because they won. Well, I don't know. The record doesn't say that. The record doesn't say that our client made any argument at all. No, they prevailed. They prevailed at the ultimate start. They prevailed on the motion for substitution, is my point. They did, but the record doesn't say if they even made an argument. Judge Dalton could have said, you know what, there's no notice of this, so I'm denying it for that reason alone. And my client's mind, he didn't have to say anything at all. The record doesn't say. We don't have a record. That's right. We don't have a record. So it's kind of hard to fashion a rule as to what notice was proper and whether the notice given in this case, if any, was proper, when, A, we don't have a record, and, B, the appellant doesn't argue that the notice was proper in the circumstances. He just says no notice is required at all. And there's nothing in the SOJ statute that says that 2-1001B doesn't apply to substitution of judge motions as of right. If I may have a moment, unless you have any more questions. Just to summarize, I believe the peerless fence case is right on point. That was a motion for substitution of judge as of right. The case explicitly said that, and the court ruled that the notice was improper. All the stuff that counsel's trying to distinguish it, they really don't have a record. Well, those are distinctions without a difference because the reasoning behind the peerless case was that the notice was not proper. It had nothing to do with whether substantial rooms were made or anything like that. It's just the motion's not proper, and therefore we're denying it. I mean, for all we can tell, maybe it was a different judge appearing at the time. We don't know that. But what we do know is what the court ruled in peerless, which is that there was no motion, or the motion was not filed with proper notice. And the Koch case, the Hudson case, the DeBrasi case all hold the same thing regarding notice. The other cases cited by the defendant respectively, all those that allowed SOJ motions, the notice issue, 1001B, never appeared in any of those cases. And so, therefore, they're inapplicable. And so we ask that this Court affirm the trial court's ruling. Thank you. One quick question. Sure. Couldn't the judge here have fashioned a different remedy such as I'm going to put the case over to the afternoon court call or I'm going to give you two hours to think about this and respond if you want to respond to it since notice was very short, obviously? Isn't there something else he could have done other than deny the motion? I suppose it's possible that that could have happened. Does that play into the abuse of discretion? I suppose it does play into the abuse of discretion. But once again, we don't have a record that says whether or not that was even feasible or whether that was suggested or offered. I mean, if that was a chance, then perhaps the counsel could have said, Your Honor, could they – Well, they were pro se, right? Well, the proponent of the motion could have said, well, Your Honor, I'm sorry, I just filed this motion now. And if they have a couple hours to look at it, then maybe that should be sufficient notice, Your Honor, to continue with just until the afternoon. That's not very long. And let's see what he says then. But that's in the record. And we don't know if the trial court would have allowed that or not because we don't know. It's simply not in the record. Thank you. Thank you. Mr. Johnson? Mr. Johnson, I would like to start with the question is why isn't falch applicable here and trial court affirmed? Because, Your Honor – Could you say that again? I said why is it not – why should we not simply apply falch and trial court affirmed? Because, Your Honor, first of all, this is a question of law that's before the court. And in doing my follow-up research in preparation for this case, Your Honor, in the interest of justice on this procedural question, I would cite inter-array marriage of CRECOS, C-R-E-C-O-S, at 215 Ill Ave. 1st, 132756, where the 1st District Justice Neville said that in this type of a situation, where there's a de novo standard of review, anything other than the common law record is not necessary. And I would respectfully point out to the court that that appears at paragraph 21 of the decision. This is a de novo standard of review. This is not a factual standard of review. And why are you saying it's de novo? Because my client had an absolute right to receive a substitution of charge if those two sections of the statute were complied with under 1002 III, which is exactly what this Court said in the Dojo. Those two sections of the statute, meaning? When those minimum requirements are met. Meaning, excuse me, A-2, small 2, and B?  Oh. In fact, Your Honor, in Redojo, at page 350, this Court, in reference to this, was talking about 735 ILCS 5 forward slash 2-1001 A-2, double I. That's it. And they said, where the motion meets these minimal requirements, a party's right to substitution of charge without cause is absolute, citing In Re Domini F, which is the only Supreme Court case from 1991. Your Honor, I had a question as to whether or not the request for continuance was a substantive ruling. I can point out and tell the Court that under the Scroggins case, Scroggins Court, at page, well, under the analysis section, exactly, at page 336, the Court said, in this case, the only ruling made after Respondent made his appearance was a continuance on the Court's own motion, which is not a ruling on a substantial issue. But that's the Court's motion. Yes, but it was a continuance. Correct. But my question, this was a motion proposed by the Respondent. Correct. Here's my motion. Correct. A ruling. Correct. Why isn't that a substantive ruling as opposed to, I'm the judge, and I'm going to kick this over by myself, my own motion? I understand. Because it doesn't call into question any of the court merits of the case. That's why it's not a substantive ruling. That's why the Court in Scroggins recognized that a continuance is not. Okay, but here's my second question about the motion to continue. I make a motion to continue. It's denied. Doesn't that therefore stream that my now handwritten motion for substitution is another delayed tactic? No, Your Honor. I'm not looking for a date. I couldn't get a continuance. Let me try this. No, respectfully, no, Your Honor. Okay, and why not? As you understand, the case would go down the hall. Good. Immediately. So, and to speculate as to whether or not somebody has to add to the language in the statute, and also in the order that was added in this case, and in the post-trial motion, there was never an accusation that this was for a reason of denial. Or, excuse me, a reason of, to, I can't. Delay. I apologize. Delay. Delay, denial. No one ever claimed here at all, even the trial judge, who was for delay. Your Honor, I respectfully ask that the Court maintain this right to absolute substitution of judge for all the people in Illinois on the first day of trial for hearing and reverses the judgment rule. Thank you. Thank you, Counsel. The Court will take this matter under advisement and render a decision in due course. We stand in brief recess until the next case. Thank you.